**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CARGYLE BROWN SOLOMON,<br>*Plaintiff*,<br>v.<br>DISTRICT OF COLUMBIA, *et al.*,<br>*Defendants*. | Civil Action No. 25-00594 (AHA) |

**Memorandum Opinion**

Cargyle Brown Solomon sues the District of Columbia alleging its Department of Motor Vehicles unlawfully disclosed her and her family's personal information to a third party. Solomon asks for 88 million dollars, an injunction against further disclosures, and other relief. The District moves to dismiss, arguing Solomon has not stated a claim. The court agrees and dismisses the case.

## I. Background[1]

According to the operative complaint, Solomon filed a lawsuit in D.C. Superior Court about a hit and run. ECF No. 15 at 3. During discovery in that case, Solomon's insurance company emailed her documents containing her private information, including information about her parents and son, such as social security numbers, addresses, phone numbers, income, and birth dates. *Id.* at 3–5. Solomon alleges the insurance company got this information from a company called CCC ONE, which got the information from the D.C. Department of Motor Vehicles. *Id.* at 3.

---

[1] As required at this stage, the court accepts the operative complaint's well-pled allegations and draws all reasonable inferences in Solomon's favor. *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015).

Solomon filed this suit against the District and asserts it violated the Fourth Amendment by finding her and her family's personal information and disclosing the information to CCC ONE. The District moves to dismiss the complaint for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF No. 21.[2]

## II. Discussion

The court agrees Solomon does not state a Fourth Amendment claim against the District. To survive dismissal for failure to state a claim, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The court "must take all the factual allegations in the complaint as true," though it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In cases like this involving an unrepresented or "pro se" litigant, the court is careful to give extra leeway. The court evaluates the complaint "in light of all filings, including filings responsive to a motion to dismiss." *Ho v. Garland*, 106 F.4th 47, 50 (D.C. Cir. 2024) (quotation marks

---

[2] Solomon's operative complaint identifies her family members as plaintiffs, but it is signed only by Solomon. *See* ECF No. 15 at 8. An unrepresented litigant not appearing as an attorney cannot represent others in litigation; each unrepresented litigant must individually sign each pleading. *See* Fed. R. Civ. P. 11(a) (requiring that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented"). The court therefore reads the complaint to raise claims only on Solomon's behalf.

Solomon included the Department of Motor Vehicles as a defendant in her operative complaint but agrees that her claims against it should be dismissed. *See* ECF No. 23 at 3; ECF No. 24-1 at 1; *see also Sobin v. District of Columbia*, 480 F. Supp. 3d 210, 210 n.1 (D.D.C. 2020) ("A noncorporate department or other body within a municipal corporation is *non sui juris*, and generally, bodies within the District of Columbia government – such as the Department of Motor Vehicles – are not suable as separate entities." (collecting cases)).

omitted) (quoting *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015)). Of course, an unrepresented plaintiff still "must plead factual matter that permits the court to infer more than the mere possibility of misconduct." *Jones v. Horne*, 634 F.3d 588, 596 (D.C. Cir. 2011) (quotation marks omitted) (quoting *Atherton v. District of Columbia*, 567 F.3d 672, 681–82 (D.C. Cir. 2009)). While "detailed factual allegations" are not necessary, the plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

Solomon does not plausibly allege a Fourth Amendment violation. The Fourth Amendment protects against "unreasonable searches and seizures." U.S. Const. amend. IV. Determining whether the government has violated the Fourth Amendment therefore requires a court to consider whether a "search" or "seizure" has occurred and, if so, whether the search or seizure was unreasonable. Here, Solomon has alleged no facts suggesting the District conducted a "search" or "seizure" within the meaning of the Fourth Amendment, let alone that any "search" or "seizure" was unreasonable. Solomon asserts the "Department of Motor Vehicles did unreasonable searches and seizures of our private papers," and "did illegal searches and seized of our information without a warrant." ECF No. 15 at 6. But these are legal conclusions, not "factual content that allows the court to draw the reasonable inference" that the District may be liable for any Fourth Amendment violation. *Iqbal*, 556 U.S. at 678.

In addition, Solomon has not plausibly alleged the District's liability for a constitutional claim. To state a constitutional claim against a municipality, plaintiffs must plausibly allege "that the municipality is the 'moving force' behind the constitutional violation, meaning that an 'official municipal policy of some nature caused a constitutional tort.'" *Hurd v. District of Columbia*, 997 F.3d 332, 337 (D.C. Cir. 2021) (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691

(1978)). A plaintiff can plead this through one of four theories: (1) "the explicit setting of a policy by the government"; (2) "the action of a policy maker within the government"; (3) "the adoption through a knowing failure to act by a policy maker of actions by his subordinates that are so consistent that they have become custom"; or (4) "deliberate indifference to the risk . . . [of] constitutional violations." *Baker v. District of Columbia*, 326 F.3d 1302, 1306 (D.C. Cir. 2003) (quotation marks omitted).

Here, Solomon has not plausibly alleged any of these theories. The operative complaint alleges the Department of Motor Vehicles "obtained a vast amount of documents (640 pages) in their electronically stored records and issued out the plaintiff's information without our family permission." ECF No. 15 at 6. But it does not allege this was done pursuant to a policy, the decision of a policy maker, a custom, or deliberate indifference to the risk of constitutional violations. *See Baker*, 326 F.3d at 1306.

In her opposition to the District's motion to dismiss, Solomon says for the first time that there "was a failure to train or supervise employees that amounts to deliberate indifference to the rights of the public because they violated our constitutional rights to privacy and gave away our information." ECF No. 23 at 2. But these "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Iqbal*, 556 U.S. at 678. Moreover, "in evaluating a motion to dismiss, the Court cannot consider factual allegations raised for the first time in an opposition brief." *United States ex rel. Fuchs v. Johns Hopkins Univ.*, No. 20-cv-3242, 2025 WL 958222, at *5 n.2 (D.D.C. Mar. 31, 2025).

The court therefore concludes Solomon has not stated a claim against the District.[3]

---

[3] Some of Solomon's filings accompanying her opposition to the motion to dismiss mention 18 U.S.C. § 2721. *See* ECF No. 24-1 at 2; ECF No. 24-2 at 5–7; ECF No. 25 at 28–29. This statute

## III. Conclusion

For these reasons, the court grants the motion to dismiss. A separate order accompanies this memorandum opinion.

AMIR H. ALI
United States District Judge

Date: September 10, 2026

---

restricts state departments of motor vehicles from disclosing certain types of personal information and provides for specific permissible disclosures. 18 U.S.C. § 2721. But the operative complaint does not assert any claims under this statute and the court "need not consider the merits of a legal theory that should have been presented in the complaint but is presented for the first time" in later filings. *Cherokee Nation v. U.S. Dep't of Interior*, 643 F. Supp. 3d 90, 107 (D.D.C. 2022) (quotation marks omitted) (quoting *Richardson v. Cap. One, N.A.*, 839 F. Supp. 2d 197, 202–03 (D.D.C. 2012)). Even if the operative complaint had raised a claim under that section, the allegation that the Department of Motor Vehicles "obtained a vast amount of documents (640 pages) in their electronically stored records and issued out the plaintiff's information without our family permission," without any explanation of how or when this disclosure happened, or how it violates 18 U.S.C. § 2721, is not enough to state a claim. ECF No. 15 at 6; *see* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief").